UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN TEDALDI, ANTHONY HENDERSON, JEFF ERGEN, KEITH TENZIE, MICHAEL TAVERAS, STEVE BABITS, and THOMAS RUSSO, individually and on behalf of those individuals similarly situated,<br><br>Plaintiffs,<br><br>– against –<br><br>AMERICAN PAVING INC., AMERICAN PAVING AND MASONRY, CORP. and ANGELO STANCO,<br><br>Defendants. | Case No.:<br><br><br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

Plaintiffs, BRIAN TEDALDI, ANTHONY HENDERSON, JEFF ERGEN, KEITH TENZIE, MICHAEL TAVERAS, STEVE BABITS, and THOMAS RUSSO (*collectively hereinafter* "Plaintiffs"), individually and on behalf of those individuals similarly situated, as class representatives, by and through his attorneys, ZABELL & COLLOTTA, P.C., as and for their Complaint against Defendants AMERICAN PAVING INC., AMERICAN PAVING AND MASONRY, CORP. and ANGELO STANCO (*collectively hereinafter* "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves, and of those similarly situated current and former employees of Defendants who elect to opt in to this action pursuant to under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 *et seq.*, specifically 29 U.S.C. § 216(b), seeking to recover the wages Defendants failed to pay in violation of the FLSA.

2.  Plaintiffs, as class representatives, also brings this action on behalf of themselves, and of those similarly situated current and former employees of Defendants in New York pursuant to Federal Rules of Civil Procedure 23 ("Rule 23") to recover the wages Defendants failed to pay them in violation of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, Article 8 §§ 220 *et seq.*, and Article 19, §§ 650 *et seq.*, along with supporting New York State Department of Labor Regulations, and the New York State common law.

## JURISDICTION AND VENUE

3.  The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 and has supplemental jurisdiction over Plaintiffs' claims under NYLL pursuant to 28 U.S.C. § 1367(a).

4.  This Court has federal question jurisdiction over Plaintiffs' claims arising under the FLSA pursuant to 28 U.S.C. § 1331.

5.  Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

Plaintiffs

6. Individual Plaintiff Brian Tedaldi ("Plaintiff Tedaldi") is a domiciliary of the State of New York, residing in Nassau County.

7. At all relevant times, Plaintiff Tedaldi was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

8. At all relevant times, Plaintiff Tedaldi was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

9. Individual Plaintiff Anthony Henderson ("Plaintiff Henderson") is a domiciliary of the State of New York, residing in Suffolk County.

10. At all relevant times, Plaintiff Henderson was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

11. At all relevant times, Plaintiff Henderson was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

12. Individual Plaintiff Jeff Ergen ("Plaintiff Ergen") is a domiciliary of the State of New York, residing in Nassau County.

13. At all relevant times, Plaintiff Ergen was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all relevant times, Plaintiff Ergen was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

15. Individual Plaintiff Keith Tenzie ("Plaintiff Tenzie") is a domiciliary of the State of New York, residing in Suffolk County.

16.  At all relevant times, Plaintiff Tenzie was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17.  At all relevant times, Plaintiff Tenzie was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

18.  Individual Plaintiff Michael Taveras ("Plaintiff Taveras") is a domiciliary of the State of New York, residing in Suffolk County.

19.  At all relevant times, Plaintiff Taveras was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

20.  At all relevant times, Plaintiff Taveras was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

21.  Individual Plaintiff Steve Babits ("Plaintiff Babits") is a domiciliary of the State of New York, residing in Suffolk County.

22.  At all relevant times, Plaintiff Babits was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

23.  At all relevant times, Plaintiff Babits was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

24.  Individual Plaintiff Thomas Russo ("Plaintiff Russo") is a domiciliary of the State of New York, residing in Suffolk County.

25.  At all relevant times, Plaintiff Russo was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

26.  At all relevant times, Plaintiff Russo was an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

4

Defendants

27. Upon information and belief, Defendant American Paving Inc. ("American Paving") is a domestic business corporation duly organized and existing under the laws of the State of New York.

28. Upon information and belief, American Paving maintains a place of business located at 5 Executive Ct., Dix Hills, NY 11746.

29. Upon information and belief, Defendant American Paving and Masonry, Corp. ("American Paving and Masonry") is a domestic business corporation duly organized and existing under the laws of the State of New York.

30. Upon information and belief, American Paving and Masonry maintains a place of business located at 5 Executive Ct., Dix Hills, NY 11746.

31. Upon information and belief, Defendant Angelo Stanco (*hereinafter* "Defendant Stanco") is a resident of the State of New York, residing in Nassau County.

32. Defendant Stanco is the Chief Executive Officer and owner of American Paving.

33. Upon information and belief, at all relevant times, Defendant Stanco was and continues to be an owner, corporate officer, director, and/or managing agent of American Paving.

34. Upon information and belief, at all relevant times, Defendant Stanco exercised operational control over American Paving.

35. Upon information and belief, at all relevant times, Defendant Stanco controlled significant business functions of American Paving.

36. Upon information and belief, at all relevant times, Defendant Stanco determined employee salaries, made hiring decisions, and acted on behalf of and in the

5

interest of American Paving in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

37. Defendant Stanco is the Chief Executive Officer and owner of American Paving and Masonry.

38. Upon information and belief, at all relevant times, Defendant Stanco was and continues to be an owner, corporate officer, director, and/or managing agent of American Paving and Masonry.

39. Upon information and belief, at all relevant times, Defendant Stanco exercised operational control over American Paving and Masonry.

40. Upon information and belief, at all relevant times, Defendant Stanco controlled significant business functions of American Paving and Masonry

41. Upon information and belief, at all relevant times, Defendant Stanco determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of American Paving and Masonry in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

## STATEMENT OF FACTS

Defendants' Failure to Pay Plaintiff Minimum Wage and Overtime Pay

42. For the period relevant to this action, starting on or about July 13, 2018, continuing through to the filing of this Complaint, Plaintiffs were employed at

6

various times as  drivers working for the benefit, and at the direction, of Defendants.

43. Plaintiffs' work duties included, but were not limited to, .

44. Throughout the course of their employment, Plaintiffs were not required to clock-in or clock-out during their shifts.

45. Instead, Plaintiffs were required to text all of their hours to Defendants.

46. During the relevant period, Plaintiffs typically worked from 7:00am to 5:00pm, on Mondays, Tuesdays, Wednesdays, Thursdays, and Fridays.

47. During their employment, Plaintiffs were required to work through their lunch, often eating meals while they were working.

48. During the relevant period, Defendants did not pay Plaintiffs for all hours that they worked each workweek.

49. During the relevant period, Defendants failed to pay Plaintiffs overtime compensation for all hours that they worked each week in excess of forty (40) hours per week.

**Defendants' Failure to Pay Plaintiff Prevailing Wage**

50. Upon information and belief, Defendants have entered into contracts, as a prime contractor or subcontractor, with public agencies to serve as a contractor in installation, repair, and maintenance projects meant to benefit the public (the "Public Works Projects").

51. Upon information and belief, Defendants were required to pay Plaintiffs and the putative class members at or above the local prevailing hourly wage rates,

including required supplemental benefits and overtime premiums for hours worked in excess of forty (40) per week, hours worked in excess of eight (8) per day, hours worked on Saturday and Sunday, and hours worked during the evening.

52. Upon information and belief, Plaintiffs were third-party beneficiaries to the Defendants' contracts for the aforementioned Public Works Projects.

53. During the relevant period, Plaintiffs regularly worked on Public Works Projects.

54. During the relevant period, Defendants failed to pay Plaintiffs the proper prevailing wage rates for all work performed on Public Works Projects.

55. During the relevant period, Defendants failed to pay Plaintiffs the proper supplemental benefits rate for all work performed on Public Works Projects.

56. During the relevant period, Defendants failed to pay Plaintiffs time and one half the relevant prevailing rates of pay when they worked more than eight (8) hours a day, or more than forty (40) hours per week on any of the Public Works Projects.

Defendants' Failure to Provide Wage Statements and Wage Notices

57. During the relevant period, Defendants failed to provide Plaintiffs with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with their weekly earnings, as required by NYLL § 195(3).

58. During the relevant period, Defendants failed to provide Plaintiffs with wage notices as required by NYLL section 195(1).

59. Defendants managed Plaintiffs' employment, including the amount of time worked and the rate that they were paid.

60. Defendants dictated, controlled, and ratified the wage and hour policy, and all other related employee compensation policies during the relevant period.

61. Defendants were aware of Plaintiffs' actual work hours and rate of pay but failed to pay the proper wages to which they were entitled under the law.

62. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights.

63. Plaintiffs have been, and continue to be damaged by such failures.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

64. Plaintiffs bring the First Claim for Relief asserted herein as an opt-in collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), and Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves, as class representatives, and all non-exempt persons employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case, as defined herein (the "FLSA Subclass").

65. Plaintiffs bring the Second, Third, Fourth, Fifth, and Sixth Claims asserted herein as a class action pursuant to the NYLL, and Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves, as class representatives, and all non-exempt persons employed by Defendants on or after the date that is six (6) years

before the filing of the Complaint in this case, as defined herein (the "NYLL Subclass").

66. Plaintiffs bring the Seventh and Eighth Claims for Relief asserted herein as a class action  pursuant to NYLL Article 8, §§ 220 *et seq.*, and Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves, as class representatives, and all non-exempt persons employed by Defendants who performed worked on Defendants' Public Works Projects within six (6) years to the filing of the Complaint in this case (the "Prevailing Wage Subclass") (collectively, with the NYLL Subclass and the FLSA Subclass, referred to as "The Rule 23 Class").

67. The Rule 23 Class members are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to The Rule 23 Class members *via* First Class mail to the last address known to the Defendants.

68. At all relevant times, Plaintiffs and The Rule 23 Class members are and have been similarly situated, and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wages, overtime wage for all hours worked in excess of eight (8) hours per day, and forty (40) hours per work week. These claims of the Plaintiffs are essentially the same as those of The Rule 23 Class members.

69. The Rule 23 Class members are so numerous that joinder of all members is impractical, and the disposition of their claims as a class will benefit the parties and the Court.

70. Plaintiffs' claims are typical of those claims that could be alleged by any of The Rule 23 Class members, and the relief sought is typical of the relief which would be sought by each FLSA Collective Plaintiffs in separate actions.

71. Plaintiffs and The Rule 23 Class members have all been injured in that they have been uncompensated, or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' policies and practices affected all FLSA Collective Plaintiffs similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each FLSA Collective Plaintiffs.

72. Plaintiffs are able to protect the interests of The Rule 23 Class members fairly and adequately and has no interests antagonistic to the putative class members.

73. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs and classes in wage and hour cases.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

75. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual FLSA Collective Plaintiffs are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for The Rule 23 Class members to redress the wrongs done to them. Furthermore, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings of these costs.

76. The prosecution of separate actions by FLSA Collective Plaintiffs would create a risk of inconsistent and/or varying adjudications with respect to the individual FLSA Collective Plaintiffs, establishing incompatible standards of conduct for Defendants and resulting in the impairment of The Rule 23 Class members' rights and the disposition of their interests through action to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

77. Common questions of law and fact exist as to The Rule 23 Class members that predominate over any questions only affecting Plaintiff and The Rule 23 Class members individually and include, but are not limited to, the following:

   a. whether Defendants correctly compensated Plaintiffs and The Rule 23 Class members for hours worked in excess of forty (40) per workweek;

   b. whether Defendants correctly compensated Plaintiffs and The Rule 23 Class members at prevailing wage rates and provided supplemental benefits for all hours worked on Public Works Projects;

   c. whether Defendants failed to furnish Plaintiffs and The Rule 23 Class members with proper annual wage notices, as required by the NYLL;

   d. whether Defendants failed to furnish Plaintiffs and The Rule 23 Class members with accurate wage statements, as required by the NYLL;

   e. whether Defendants' policy of failing to pay workers was instituted willfully, or with reckless disregard of the law; and

   f. the nature and extent of class-wide injury and the measure of damages for those injuries.

78. Plaintiffs reserve the right to re-define The Rule 23 Class members prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

79. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

80. The FLSA regulated the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

81. Defendants were and are subject to the overtime pay requirements of the FLSA because American Paving is an enterprise engaged in commerce or in the production of goods for commerce.

82. At all relevant times, American Paving had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs, who worked as drivers and handled materials and equipment that originated outside of the State of New York.

83. Upon information and belief, the gross annual volume of sales made, or business done by American Paving for the years 2018, 2019, 2020, 2021, and 2022 was not less than $500,000.00.

84. Defendants were and are subject to the overtime pay requirements of the FLSA because American Paving and Masonry is an enterprise engaged in commerce or in the production of goods for commerce.

85. At all relevant times, American Paving and Masonry had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs, who worked as drivers and handled materials and equipment that originated outside of the State of New York.

86. Upon information and belief, the gross annual volume of sales made, or business done by American Paving and Masonry for the years 2018, 2019, 2020, 2021, and 2022 was not less than $500,000.00.

87. At all relevant times, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

88. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

89. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

90. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

91. However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during the relevant period of their employment.

92. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

93. Defendants did not act in good faith with respect to the conduct alleged herein.

94.  As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and

loss in an amount to be determined at trial, along with liquidated damages,

attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

SECOND CLAIM FOR RELIEF
VIOLATION OF THE NEW YORK LABOR LAW
ARTICLE 6 AND 19
<u>FAILURE TO COMPENSATE FOR OVERTIME</u>

95.  Plaintiffs reassert and reallege the allegations set forth in each of the above

paragraphs as though fully set forth herein.

96.  At all times relevant to this action, Plaintiffs were employed by Defendants

within the meaning of New York Labor Law §§ 2 and 651.

97.  Under New York law, an employee must be paid overtime, equal to at least one

and one-half times the employee's regular rate of pay, for all hours worked in

excess of forty (40) per work week in the manner and methods provided by the

FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

98.  By the above-alleged conduct, Defendants failed to pay Plaintiffs' overtime

compensation as required by the New York Labor Law and the Regulations

pertaining thereto.

99.  By the above-alleged conduct, Defendants failed to pay Plaintiffs' overtime

compensation for the time periods in which they worked in excess of forty (40)

hours a week for Defendants.

100.  Plaintiffs were not exempt from the overtime provisions of the New York Labor

Law during the relevant period of their employment, because they did not meet

the requirements for any of the reduced number of exemptions available under New York State Law.

101. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

102. Defendants did not act in good faith with respect to the conduct alleged herein.

103. As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, pre-judgement and post-judgement interest.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL § 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

104. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

105. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the date of hire, as required by NYLL § 195(1), in English or in the language identified by each employee as their primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the

employer; and the employee's regularly hourly rates of pay and overtime rates of pay.

106. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*, and the supporting Regulations.

107. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL § 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

108. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

109. Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hours worked, and the number of overtime hours worked.

110. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

111. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

112. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

113. During the relevant period, Defendants suffered and permitted Plaintiffs to work numerous hours each week without paying each Plaintiff the wages to which he was and is entitled.

114. Defendants' failure to pay Plaintiffs the wages that they earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to each Plaintiffs' rights.

115. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

116. Defendants have not acted in good faith with respect to the conduct alleged herein.

117. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

118. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

119. At all relevant times to this action, Plaintiffs have been employees of Defendants, and Defendants have been the employer of Plaintiffs within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

120. At all relevant times, Plaintiffs have been covered by the NYLL.

121. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

122. As set forth herein, Defendants regularly and routinely failed to pay Plaintiffs any wages at all for numerous hours each week, in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

123. Defendants willfully failed to pay Plaintiffs any wages at all for numerous hours each week, in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

124. As a result of Defendants' unlawful practices, Plaintiffs has suffered a loss of wages.

125. As a result of Defendants violations of the NYLL and the supporting Regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial and are entitled to recover from Defendants their unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgement and post-judgement interest.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 8, §§ 220 *et seq.***
**BREACH OF CONTRACT – FAILURE TO PAY PREVAILING WAGES**

126. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

127. Upon information and belief, American Paving entered into contracts for Public Works Projects that contained schedules of the prevailing rates of wages and supplemental benefits to be paid to its workers, including Plaintiffs.

128. Those prevailing rates of wages and supplemental benefits were made part of the American Paving contracts for the benefit of Plaintiffs and other employees of American Paving working on Public Works Projects.

129. The contracts for the Public Works Projects incorporated all requirements of the NYLL, including but not limited to, the payment of prevailing wages under NYLL § 220.

130. As such, the contracts intended, *inter alia*, for the payment of prevailing wages and supplemental benefits as a benefit for all laborers, workers, and drivers who worked on the Public Works Projects.

131. This benefit to laborers was immediate, rather than incidental, and a material term in the contracts for these Public Works Projects.

132. At all times relevant to this action, Plaintiffs performed labor at the Public Works Projects for the benefit of, and at the direction of American Paving.

133. American Paving breached these contracts for Public Works Projects by willfully failing to pay and ensure payment to Plaintiffs the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiff upon the Public Works Projects.

134. By reason of its breach of each contract for Public Works Projects for which Plaintiffs performed work, American Paving is liable to Plaintiffs in the amount to be determined at trial, plus interest, costs, and attorneys' fees.

### EIGHTH CLAIM FOR RELIEF
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 8, §§ 220 *et seq.*
### BREACH OF CONTRACT – FAILURE TO PAY PREVAILING WAGES

135. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

136. Upon information and belief, American Paving and Masonry entered into contracts for Public Works Projects that contained schedules of the prevailing rates of wages and supplemental benefits to be paid to its workers, including Plaintiffs.

137. Those prevailing rates of wages and supplemental benefits were made part of the American Paving and Masonry contracts for the benefit of Plaintiffs and

other employees of American Paving and Masonry working on Public Works Projects.

138. The contracts for the Public Works Projects incorporated all requirements of the NYLL, including but not limited to, the payment of prevailing wages under NYLL § 220.

139. As such, the contracts intended, *inter alia*, for the payment of prevailing wages and supplemental benefits as a benefit for all laborers, workers, and drivers who worked on the Public Works Projects.

140. This benefit to laborers was immediate, rather than incidental, and a material term in the contracts for these Public Works Projects.

141. At all times relevant to this action, Plaintiffs performed labor at the Public Works Projects for the benefit of, and at the direction of American Paving and Masonry.

142. American Paving and Masonry breached these contracts for Public Works Projects by willfully failing to pay and ensure payment to Plaintiff the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiffs upon the Public Works Projects.

143. By reason of its breach of each contract for Public Works Projects for which Plaintiffs performed work, American Paving and Masonry is liable to Plaintiffs in the amount to be determined at trial, plus interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated individuals, by and through their attorneys, Zabell & Collotta, P.C., respectfully requests this Court grant the following relief:

A.    Certifying this matter as a class action as soon as practicable and appointing Plaintiffs as class representative and Plaintiffs' counsel as class counsel;

B.    At the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt who are presently, or have at any time during the three (3) years preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

C.    A declaratory judgement finding that the Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiffs and the opt-in collective members overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiffs and the putative class members overtime compensation, regular wages, and minimum wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage notices;

4. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage statement;

5. Breached the public works contracts and/or statutory obligation by failing to pay Plaintiffs and the putative class members the prevailing rates of wages and supplemental benefits.

D. Defendants, their agents, employees, officers, and successors in interest, be enjoined from engaging in the illegal and unlawful customs, policies, and practices described herein;

E. Award Plaintiffs and the putative class members compensatory damages, including all overtime compensation, prevailing wage compensation, and minimum wages owed but unpaid;

F. An award to Plaintiffs and the putative class members for liquidated damages under the NYLL, or alternatively award Plaintiffs and the opt-in collective members liquidated damages under the FLSA;

G.    An award to Plaintiffs and the putative class members for pre-judgment and post-judgement interest on all NYLL overtime compensation and minimum wages due accruing from the date such amounts were due;

H.    An award to Plaintiffs for statutory damages under the NYLL;

I.    An award to Plaintiffs for all costs and expenses of this action, together with reasonable attorneys' fees pursuant to the NYLL; and

J.    Provide such further relief as the Court deems just and equitable.

Dated:    Bohemia, New York
          July 19, 2024

                                        ZABELL & COLLOTTA, P.C.
                                        *Attorneys for Plaintiff*

By:

                                        Saul D. Zabell, Esq.
                                        1 Corporate Drive, Suite 103
                                        Bohemia, New York 11716
                                        Tel. (631) 589-7242
                                        Fax. (631) 563-7475
                                        szabell@laborlawsny.com

26