UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
BRIAN TEDALDI, ANTHONY HENDERSON,
JEFF ERGEN, KEITH TENZIE, MICHAEL
TAVERAS, STEVE BABITS, and THOMAS
RUSSO, individually and on behalf of those
Individuals similarly situated,

                       **ORDER**
       *Plaintiffs*,         24-cv-5011 (SJB) (JMW)
  -against-


AMERICAN PAVING INC., AMERICANPAVING
AND MASONRY, CORP. and ANGELO STANCO,

       *Defendants*.
---------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

  Plaintiffs, Brian Tedaldi, Anthony Henderson, Jeff Ergen, Keith Tenzie, Michael Taveras, Steve Babits, and Thomas Russo commenced this action on July 19, 2024, against Defendants, American Paving Inc., American Paving and Masonry, Corp., and Angelo Stanco, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Laws ("NYLL") for the alleged violations of the FLSA and NYLL, specifically unpaid wages, and failure to provide wage notices and statements. (*See* generally ECF No. 1.) Now before the Court is Plaintiffs' Motion for Discovery seeking an Order (i) compelling Defendants to produce documents and responses to Plaintiffs' interrogatories and (ii) deeming that Defendants have waived objections, except those pertaining to privilege. (ECF No. 17.) Defendants filed their opposition to the Motion for Discovery, outlining their reasons for the failure to produce the requested discovery, seeking discovery deadline extensions, and requesting the Court not to waive Defendants' objections or, in the alternative, add attorney-work product to the list of

1

exceptions to the waiver. (ECF No. 20.) For the reasons set forth below, Plaintiffs' Motion for Discovery is **GRANTED** *in part* and **DENIED** *in part*.

## THE LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 34 mandates production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Encompassed within this mandate is the obligation to make efforts to obtain information within its legal reach. That is, the party from whom documents are sought has the legal right to obtain the documents from a third party. If a party has the "practical ability to obtain and produce the documents" then it has "possession, custody, or control" over such document. *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154197, at *4-5 (S.D.N.Y. Aug. 26, 2022).

## DISCUSSION

### I. Compelling Documents and Responses to Interrogatories

Plaintiffs assert that Defendants were served with document demands and interrogatories on January 28, 2025, which required responses by February 27, 2025. (ECF No. 17 at 2.) On March 26, 2025, Plaintiffs provided "courtesy copies" of their demands again and requested that a response be given by April 3, 2025. (*Id.*) On April 7, 2025, Defendants responded stating "[w]e are still gathering records prior to 21 and need a couple more weeks to receive and scan the

2

same." (*Id.* at Exhibit 2.) To date, Plaintiffs state that no documents or responses have been received. (*Id.*) Defendants do not dispute the fact that they have not provided any documents or responses. (ECF No. 20 at 1-2.) Nor do Defendants dispute the substance or relevancy of these requests. (*Id.*) Rather, Defendants state that obtaining the employment records has been difficult, there are numerous plaintiffs and more time is necessary. (*Id.*) As such, Defendants request an extension of the deadline for fact discovery to August 16, 2025, and the time to respond to Plaintiffs' requests to May 16, 2025. (*Id.* at 1.)

Defendants have not provided the Court with sufficient reason that establish good cause for its failure and delay in responding to their discovery obligations. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") Nonetheless, Defendants are afforded one final opportunity to cure these defects and provide Plaintiffs with responses on or before May 16, 2025. **The original fact discovery deadline of May 16, 2025, is extended to and including June 30, 2025.**

## II.  Waiver of Objections

Next, Plaintiffs ask this Court to consider Defendants' objections waived due to their failure to timely respond. (ECF No. 17 at 3.)

> Federal Rule 34 governs the production of documents. In particular, the rule states that
>
> [a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the [documents] in the responding party's possession, custody, or control ….The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court. … An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(a)(1), (2)(A)-(C).

"It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available." *Labarbera v. Absolute Trucking, Inc.*, No. CV 08-4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) (collecting cases); *see also Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (citing *UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, No. 09-CV-4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)) (affirming the same principle); *Eldaghar v. City of New York Department of Citywide Administrative Services*, No. 02-CV-9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.... Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."); *Quartey v. Schiavone Constr. Co.*, 11-CV-2037 (DLI) (CLP) (E.D.N.Y. Feb. 6, 2013) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."); *Chowdhury v. Hamza Express Food Corp.*, No. 14-CV-150 (JBW), 2014 WL 12834831, at *2 (E.D.N.Y. Sept. 25, 2014) ("By failing to timely assert their objections within 30 days of service of the discovery demands, defendants have waived those objections."); *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-CV-2893 (GRB) (JMW), 2023 WL 1967575, at *3 (E.D.N.Y. Feb. 10, 2023) (same).

Based on the circumstances presented here, any objections that Defendants may have had are now deemed waived, with the exception of any objections based upon privilege and/or attorney work product. *See Adkison v. Marshall & Ziolkowski Enters., LLC*, No. CV 07-4739(JS) (WDW), 2008 WL 1924919, at *1 (E.D.N.Y. Apr. 29, 2008) (quoting *Eldaghar v. City of New*

4

*York Dep't of Citywide Admin. Svces,* 2003 U.S. Dist. LEXIS 19247, at *3-4 (S.D.N.Y. Oct. 20, 2003) ("Any other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines.")).

      Lastly, Defendants are directed to produce a privilege log of any documents withheld on the basis of attorney client privilege or the attorney work product doctrine. *See Norton v. Town of Islip*, No. CV-04-3079 (PKC) (SIL), 2017 WL 943927, at *2 (E.D.N.Y. Mar. 9, 2017) (quoting *Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 334 (N.D.N.Y. 2006) ("In this respect, and in order to evaluate and facilitate the determination of whether a privilege exists, courts generally require compliance with this statutory mandate [of Fed. R. Civ. P. 26(b)(5)] that an adequately detailed privilege log be provided.")); *see also PKF Int'l Corp. v. IBJ Schroder Leasing Corp.*, No. 93CIV.5375 (SAS)(HBP, 1996 WL 525862, at *3 (S.D.N.Y. Sept. 17, 1996), *aff'd sub nom. Pkfinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, No. 93 CIV. 5375 (SAS), 1996 WL 675772 (S.D.N.Y. Nov. 21, 1996) ("a party asserting a privilege must produce a privilege log detailing the nature of the privilege, the type, subject matter and date of the alleged privileged document, as well as the author and addressee of the document ….").

5

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Discovery (ECF No. 17), is **GRANTED** *in part* and **DENIED** *in part*. Defendants are directed to respond to Plaintiffs' discovery demands and produce documents on or before **May 16, 2025**, and all fact discovery is to be completed by **June 30, 2025**. The parties shall file on ECF a joint status report on or before **June 30, 2025.**

Dated: Central Islip, New York
April 23, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge