UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRIAN TEDALDI, ANTHONY HENDERSON,
JEFF ERGEN, KEITH TENZIE, MICHAEL
TAVERAS, STEVE BABITS, and THOMAS
RUSSO, *individually and on behalf of
those individuals similarly situated*,

*Plaintiffs*,

-against-

AMERICAN PAVING INC., AMERICAN PAVING
AND MASONRY, CORP. and ANGELO STANCO,

*Defendants*.
------------------------------------------------------------------X

**FILED
CLERK**

**8/11/2025**

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**ORDER**

24-cv-5011 (SJB) (JMW)

**WICKS,** Magistrate Judge:

Plaintiffs, Brian Tedaldi, Anthony Henderson, Jeff Ergen, Keith Tenzie, Michael Taveras, Steve Babits, and Thomas Russo (collectively, the "Plaintiffs") commenced this action against Defendants, American Paving Inc., American Paving and Masonry, Corp., and Angelo Stanco, (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Laws ("NYLL") for the alleged violations of the FLSA and NYLL, specifically unpaid wages, and failure to provide wage notices and statements. (*See generally*, ECF No. 1.) Now before the Court is Plaintiffs' Second Motion for Discovery seeking an Order (i) compelling Defendants to provide complete and verified supplemental responses to interrogatories, (ii) providing a *Jackson* Affidavit to Plaintiffs pursuant to this Court's previous Order, and (iii) deeming that Defendants have waived objections, except those pertaining to privilege. (*See* ECF No. 27.) Defendants filed their opposition, arguing that this application

1

should be denied as *moot* as Defendants have agreed to supplement the interrogatories, have done so, and have provided Plaintiffs with a *Jackson* Affidavit. (*See* ECF No. 28.) For the reasons set forth below, Plaintiffs' Motion for Discovery (ECF No. 27) is **GRANTED in part** and **DENIED in part** *as moot*.

## THE LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 34 mandates production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Encompassed within this mandate is the obligation to make efforts to obtain information within its legal reach. If a party has the "practical ability to obtain and produce the documents" then it has "possession, custody, or control" over such document. *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154197, at *4-5 (S.D.N.Y. Aug. 26, 2022).

## DISCUSSION

### I.   Compelling Responses to Interrogatories

On April 23, 2025, the Court issued an Order requiring Defendants to serve additional documents and responses to Interrogatories on or before May 16, 2025. (ECF No. 22.) According to Plaintiffs' Exhibit to this motion, it appears that on May 30, 2025, Defendants served their responses to Plaintiffs' interrogatories. (*See* ECF No. 27-1.) On July 8, 2025, Plaintiffs served Defendants with a letter detailing the perceived deficiencies in the responses. (*See* ECF No. 27-

2

2.) Thereafter, the parties met and conferred several times and upon email confirmations, Defendants were to supplement their responses by July 24, 2025. (*See* ECF No. 27-3 at 2-3.) After not receiving the promised supplemental responses, Plaintiffs filed the instant motion. However, according to Defendants, the supplemental responses were uploaded by the end of day on July 25, 2025, which was only after Plaintiffs filed the instant motion. (ECF Nos. 28 at 1; 28-1.)

As Plaintiffs seek an order compelling Defendants to serve the supplemental responses, which appear to have been done (ECF No. 28-1), the only issue that remains is whether the responses do in fact adequately supplement the prior responses. A review of the supplemental responses for the interrogatories at issue (interrogatory numbers 4-7, 9 11-15), indicate that interrogatories 4, 7, 11, 12, 13, 14 and 15 have been further addressed. However, interrogatories 5, 6 and 9 are incomplete.  Each is considered below.

    i.    ***Interrogatory No. 5***

Interrogatory No. 5 reads as follows:

> Identify each program(s), firm(s), or payroll service(s) that Defendants utilized to process payroll for their employees during the Relevant Period. If Defendants used multiple program(s), firm(s). or payroll service(s), state the range of dates each program, firm, or service was utilized by Defendants (e.g., Paychex: 01/01/2021 – 12/31/3033, ADP: 01/01/2023 – 08/20/2023, etc.)

(ECF No. 27-1 at 2-3.)

The supplemental response identifies three programs with years adjacent, but there are no range of dates for each program as directed in the interrogatory. (ECF No. 28-1 at 2.) Accordingly, Defendants are directed to further supplement response to interrogatory No. 5.

    ii.    ***Interrogatory No. 6***

Interrogatory No. 6 reads as follows:

3

> Set forth each Plaintiffs compensation for the Relevant Period, including: (1) Plaintiffs rate of pay; (2) Plaintiffs frequency of pay (e.g., hourly, weekly, bi-weekly, etc.); (3) if Plaintiffs compensation changed throughout his tenure of employment with Defendants, the date range of each change in Plaintiffs compensation; and (4) bonuses paid to Plaintiff as part of his compensation during the Relevant period, and the condition upon which Plaintiff would earn such bonuses (i.e., whether Plaintiffs bonuses were performance-based or based upon a condition).

(ECF No. 27-1 at 3.)

Defendants' supplemental response indicates the range of pay rates and pay frequency for all Plaintiffs. (ECF No. 28-1 at 2.) However, there is no information regarding when the pay rate changed for Plaintiffs or if any bonuses were paid. Accordingly, Defendants are directed to further supplement response to interrogatory No. 6.

### iii. *Interrogatory No. 9*

Interrogatory No. 9 reads as follows:

> Identify each Public Works Project which Defendants, or their agents, subcontractors, and employees, performed or completed work on during the Relevant Period as a prime contractor, or subcontractor. For each Public Works Project so identified, include the following information: (1) the address or location of the Public Works Project; (2) the County in which the Public Works Project was located; (3) the dates that Defendants, and their employees, performed work on the Public Works Project; and (4) the number of employees that performed work for Defendants on the Public Works Project.

(ECF No. 27-1 at 4.)

Defendants' supplemental response provides the municipality for each Public Works Project as directed in what appears to be a spreadsheet of some sort. (ECF No. 28-3.) However, many of the job locations are missing specific addresses, and the exhibit only displays the end of the payroll week. (*Id.*) A review of this document demonstrates that the missing information has not been supplied to Plaintiffs and as such, needs to be updated. Accordingly, Defendants are directed to further supplement response to interrogatory No. 9.

4

Therefore, Plaintiffs' motion is granted to the extent that Defendants are to provide further responses to interrogatories 5, 6 and 9 on or before **August 18, 2025**.

## II. *Jackson* Affidavit

On July 1, 2025, the Court denied Plaintiffs' Motion to Strike (ECF No. 24) and issued an Order directing Defendants to provide Plaintiffs with a *Jackson* affidavit on or before July 11, 2025. (Electronic Order dated 7/1/2025.) In that Order the Court wrote,

> Moreover, Defendants in their Opposition assert that no documents exist as to Plaintiff Steven Babitz. (ECF No. 25 at 2.) As such, Defendants are directed to provide Plaintiffs with a *Jackson* affidavit with respect to the documents that relate to Plaintiff Steven Babitz's employment. A "*Jackson* affidavit" refers to an affidavit or declaration filed by a party that claims that the documents sought do not exist. The affidavit, deriving its name from a New York state case *Jackson v. City of New York*, 586 N.Y.S.2d 952 (App. Div. 1st Dep't 1992), should include statements that (i) a thorough search has been conducted where the documents would likely reside, (ii) the results of the search, and (iii) an explanation of where and how the documents would have been maintained. Therefore, Defendants in their "*Jackson* Affidavit" shall detail the good faith search efforts taken to obtain the requested documents, explaining, at a minimum, where these records were likely to be kept, what efforts were made to preserve them, whether these records were routinely destroyed, or whether a search has been conducted in every location where the records were likely to be found **on or before July 11, 2025**.

(*Id.*)

However, Plaintiffs state that no such affidavit has been provided despite the Court's Order. (ECF No. 27 at 1-2.) Moreover, Plaintiffs aver that after multiple conversations, Defendants have still failed to comply. (*Id.*) Defendants in their opposition submit that the affidavit has since been provided, and the application is now moot. (ECF No. 28 at 3.) Indeed, Defendants attach the affidavit, which is dated July 25, 2025. (ECF No. 28-4.) The Court notes that this was *fourteen days after* this Court ordered the service of such document. (See Electronic Order dated 7/1/2025.) Defendants are forewarned that court-ordered dates are to be complied with and not ignored. The court will not countenance future disregard of court orders.

5

Notwithstanding, as Plaintiffs received such document, this portion of the motion is now deemed *moot*.

### III. <u>Waiver of Objections</u>

Next, Plaintiffs ask this Court to again deem Defendants' objections to the interrogatories waived, just as Plaintiffs previously requested in their first motion (*see* ECF No. 17 at 3). (ECF No. 27 at 6.) Since the Court previously ruled that objections except as to privilege and attorney work product have been waived (*see* ECF No. 22 at 3-5), that branch of the motion is denied as *moot*. No motion for reconsideration of that ruling was ever filed, nor counsel appeal that ruling to the District Judge. Therefore, the previous ruling at ECF No. 22 stands, and is law of the case.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Discovery (ECF No. 27), is **GRANTED in part** and **DENIED in part** *as moot*. Defendants are to supply Plaintiffs with further responses to interrogatories 5, 6 and 9 on or before **August 18, 2025**. The deadline to complete all fact discovery remains to be **September 29, 2025**. The Court will review the status and compliance with this Order at the Status Conference scheduled for **September 22, 2025, at 10:00 AM** via the Court's Video Zoom. (*See* Electronic Order dated 7/1/2025.)

Dated: Central Islip, New York
August 11, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

6